UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD M. DURHAM, | ) Case No. CV 20-11449-JVS (JPR) |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR |
| v. | ) FAILURE TO PROSECUTE AND FAILURE |
| | ) TO STATE A CLAIM |
| CITY OF LONG BEACH et al., | ) |
| Defendants. | ) |

Plaintiff filed this civil-rights action in December 2020. Defendants moved to dismiss, and this Court granted their motion in part, dismissing the Complaint with leave to amend.[1] The Court ordered Plaintiff to file a first amended complaint by no later than August 25, 2021, and warned him that his lawsuit might be dismissed if he didn't. To date he has not filed an amended complaint or requested an extension of time to do so, and no mail the Court has sent to his address of record has been returned as undeliverable.

---

[1] The Court accepted the Magistrate Judge's Report and Recommendation so recommending on July 28, 2021, after neither side objected to it.

1

<u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440. Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth <u>Carey</u> factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file an amended complaint fixing the deficiencies identified by the Court. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as the Complaint fails to state a claim and cannot proceed, and Plaintiff is unable or unwilling to comply with the Court's instructions for fixing his allegations. Because none of his claims can proceed, the Court is unable to manage its docket. Although the fourth <u>Carey</u> factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case

on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-63 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 8, 2021

JAMES V. SELNA
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

3